UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>**YOLANDA MADRIGAL**<br><br>Debtor(s).<br><br>**JOSE LUIS AGREDANO & ALMA ANGELINA AGREDANO**<br>Plaintiff(s)<br><br>vs<br><br>**BANK OF AMERICA, N.A., Does 1-5**<br>Defendant(s) | BK No. 2:09-bk-41789 SK<br><br>ADV. No. 2:10-02612 SK<br><br>Chapter: 13<br><br>**NOTICE VACATING SCHEDULED HEARING** |

TO: SEE ATTACHED

NOTICE IS HEREBY GIVEN that the status conference set for June 22, 2011 at 2:00 p.m. before Hon. Ellen Carroll is hereby vacated. Litigants are required to reschedule the hearing and provide service in accordance to **Judge Sandra R. Klein's Rescheduling Requirements attached.**

## JUDGE SANDRA R. KLEIN'S CHAPTER 13 PROCEDURES

Effective April 22, 2011, the following procedures will be followed for all chapter 13 cases assigned or reassigned to Judge Sandra R. Klein:

1. All confirmation hearings will start promptly at the time listed on the court calendar.

2. Pursuant to Local Bankruptcy Rule (LBR) 1001-1(d), the court **waives** application of LBR 3015-1(m)(6) & (7).  Therefore, debtors are not required to file with the court and serve on the chapter 13 trustee and all secured creditors a declaration on court-mandated Form F 3015-1.4, entitled, "Declaration Setting Forth Postpetition, Preconfirmation Deed of Trust Payments [Local Bankruptcy Rule 3015-1(m)]" commonly referred to as a "mortgage declaration."

3. All **new** requests to value and avoid liens in chapter 13 cases **must** be brought via motion pursuant to Federal Rule of Bankruptcy Procedure 9014. Such motions (commonly referred to as "lien strip motions," "motions to value," "Lam motions,"[1] etc.) **must** be made on Local Form 4003-2.4-MOTION, entitled "Debtor's Motion to Avoid Junior Lien on Principal Residence [11 U.S.C. § 506(d)]" (Motion to Avoid Junior Lien).  The form may be found on the Court's website, www.cacb.uscourts.gov, by clicking on "Forms/Rules/General Orders," then "Local Bankruptcy Rules & Forms," and scrolling down to F 4003-2.4-MOTION.  For additional information, please see "Judge Sandra R. Klein's Guidelines for Valuing and Avoiding Liens in Chapter 13 Cases," which is posted on Judge Klein's website.

    a. **After April 22, 2011, if a Lam motion is not filed using Local Form 4003-2.4-MOTION, including the proof of service, the motion will not be set for hearing.**

4. Any **pending** adversary proceedings to value and avoid liens in chapter 13 cases that are reassigned to Judge Klein may, in the discretion of the plaintiff, continue to be adjudicated in an adversary proceeding or may be dismissed and refiled using Local Form 4003-2.4-MOTION.  If a pending adversary is dismissed and refiled using Local Form 4003-2.4-MOTION, the motion must be supported by admissible evidence and there must be sufficient notice and service to comply with the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules.  For additional information regarding motions to value and avoid liens in chapter 13 cases, please see "Judge Sandra R. Klein's Guidelines for Valuing and Avoiding Liens in Chapter 13 Cases," which is posted on Judge Klein's website.

---

[1] Lam v. Thrift Investors (In re Lam), 211 B.R. 36 (9th Cir. B.A.P. 1997).

    a. If the plaintiff chooses to continue litigating a pending adversary proceeding to value and avoid liens in a chapter 13 case, the plaintiff **must** utilize Local Form 4003-2.5.DEFAULT.MOTION, entitled "Debtor's Motion for Default Judgment Re Complaint to Avoid Junior Lien on Principal Residence [11 U.S.C. § 506(a),(d), FRBP 3012]" as well as Local Form 4003-2.5.DEFAULT JUDGMENT, entitled "Default Judgment Re Complaint to Avoid Junior Lien on Principal Residence [11 U.S.C. § 506(a)(d), FRBP 3012]." These forms may also be found on the Court's website, www.cacb.uscourts.gov. For additional information, please see "Judge Sandra R. Klein's Guidelines for Valuing and Avoiding Liens in Chapter 13 Cases," which is posted on Judge Klein's website.

5. All motions to value and avoid liens before Judge Klein must be scheduled for hearing **at least one week** before the date scheduled for confirmation of the chapter 13 plan. If a lien strip motion cannot be scheduled for a hearing at least one week before the date scheduled for confirmation, Debtor or where applicable, Debtor's counsel, **must** contact the chapter 13 trustee at least 21 days before the date scheduled for the confirmation hearing and Debtor or where applicable, Debtor's counsel, **must** obtain a written stipulation to continue the confirmation hearing until at least one week after the date scheduled for the hearing to value and avoid the lien.